OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Kroger Company, Appellant and Cross-Appellee, v. Hamilton Cty.
Bd. of Revision; Hamilton County Auditor, Appellee and
Cross-Appellant.
Cincinnati School District Bd. of Education, Appellee and
Cross-Appellant, v. Hamilton Cty. Bd. of Revision; Hamilton
County Auditor, Appellee and Cross-Appellant.
[Cite as Kroger Co. v. Hamilton Cty. Bd. of Revision
(1993),      Ohio St.3d      .]
Taxation -- Real property -- Valuation -- Utilizing income
     approach, five percent vacancy rate used by appraiser and
     accepted by Board of Tax Appeals is unreasonable when not
     supported by sufficient probative evidence --
     Sale/leaseback transaction sale price does not establish
     true value.
     (No. 92-1313 -- Submitted February 25, 1993 -- Decided
August 18, 1993.)
     Appeal from the Board of Tax Appeals, Nos. 88-D-824 and
88-E-872.
     Appellant, Kroger Company ("Kroger"), occupies a
twenty-five story office building, the Kroger Building, at 1014
Vine Street, Cincinnati, Ohio, as its principal corporate
headquarters, and it rents excess space to other tenants.  In
1979 Kroger purchased the Kroger Building, built in the late
1950s, for $7,000,000 and substantially remodeled it at a cost
of $10,731,697.
     For tax year 1987, the Hamilton County Auditor determined
the true value of the subject property was $21,947,640.  On
appeal the Hamilton County Board of Revision affirmed that
valuation.  Both Kroger and the Cincinnati School District
Board of Education ("school board") disputed the true value
determination and appealed to the Board of Tax Appeals ("BTA").
     Evidence presented to the BTA included the appraisal and
testimony of Kroger's expert, Michael J. Kelly, an M.A.I.
appraiser from Chicago; Don T. Carrelli, the board of
revision's expert appraiser from Cincinnati; and Marlene
McDaniel, an employee of the auditor's office.  Kelly, giving
substantial weight to the income approach in his appraisal,
applied a fifteen percent vacancy rate to the property, in

arriving at a true value of $17,000,000. Carrelli, utilizing the income approach, employed a five percent vacancy rate and, giving equal weight to the sales comparison approach, valued the property at $24,300,000.

In addition, evidence before the BTA was presented which pertained to a 1985 sale/leaseback arrangement between Kroger and TXL Properties Ltd. 85-102 ("TXL"). This arrangement involved the transfer of title from Kroger to TXL and the leaseback of the property at a "sale price" of $30,000,000 for the Kroger Building and an accompanying building. All the appraisers chose to disregard the sale/leaseback transaction in valuing the property, and the BTA indicated that the sale/leaseback transaction was unreliable for valuation purposes.

The BTA critized some aspects of the Kelly appraisal: Kelly was in Cincinnati for only two days, and his associate for three days, and the appraisal was "almost exclusively based upon published data, and, at best, limited and questionable factual information." Nevertheless, in consideration of certain objective data set forth in Kelly's appraisal, and under its power to exercise "wide discretion in determining the weight to be given to evidence and the credibility of witnesses," Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, the BTA accepted Kelly's appraisal. The BTA rejected Kelly's fifteen percent vacancy rate, substituting instead the five percent vacancy rate favored by Carrelli. Thus, the BTA determined the fair market value of the subject property for 1987 was $21,500, 470.

The cause is before this court upon appeal and cross-appeals as of right.

Jones, Day, Reavis & Pogue and Roger Day, for appellant and cross-appellee.

Kohnen, Patton & Hunt and David C. DiMuzio, for appellee and cross-appellant Cincinnati School District Board of Education.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellee and cross-appellant Hamilton County Auditor.

Per Curiam. Kroger contends that the BTA erred in utilizing a five percent vacancy rate in determining true value, asserting that the rate was not supported by any credible evidence. We agree.

The income approach to value is a valid method for establishing the true value of real property, and an essential part of the computation is to determine the estimated gross income of the property. Adjustments for such items as depreciation and vacancy rate may be warranted.

Appraiser Carrelli testified about a five percent vacancy rate, but the record does not reflect any justification for that rate; it apparently was estimated. On the other hand, appraiser Kelly's fifteen percent rate was based upon his analysis of market data and other information. Also, the record before the BTA contains additional evidence showing vacancy rates for class B buildings, such as the Kroger

Building, of fifteen to seventeen percent.

Since the five percent vacancy rate was not supported by sufficient probative evidence, its use was unreasonable. Hawthorn Mellody, Inc. v. Lindley (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E.2d 1257, syllabus. We remand the cause to the BTA with instructions to redetermine true value for 1987 by the application of a vacancy rate supported by the record.

The thrust of the school board's argument, an argument also made by the county auditor on cross-appeal, is directed at the sale/leaseback agreement evidence. The cross-appellants contend that the sale price referred to in this agreement is the best evidence of true value of the subject property.

We agree with the BTA that the sale/leaseback transaction sale price does not establish true value. This transaction was not an arm's-length sale because Kroger did not offer the property on the market. Walters v. Knox Cty. Bd. of Revision (1989), 47 Ohio St. 3d 23, 546 N.E.2d 932, syllabus. The BTA viewed the transaction as: "* * * a borrowing of money subject to full repayment * * * even though documented in the form of a sale and leaseback transaction." We conclude that the BTA correctly resolved this issue.

Accordingly, the decision of the BTA is affirmed in part and reversed in part, and the cause is remanded to the BTA for reconsideration in accordance with this opinion.

Decision affirmed in part,
reversed in part
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., not participating.